IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 04-cv-01471-LTB-CBS

DUNG NGUYEN,

    Plaintiff,

v.

GAMBRO BCT, INC., and
GAMBRO, INC.,

    Defendants.

_____

ORDER
_____

    After securing summary judgment in their favor in this Title VII case, the defendants, Gambro BCT, Inc. and Gambro, Inc. (collectively, "Gambro") moved for an award of attorney fees pursuant to 42 U.S.C. § 2000e-5(k). The plaintiff, Dung Nguyen, opposes the motion on the grounds that her claims were not meritless. The motion is adequately briefed and oral argument would not materially aid its resolution.

    Gambro characterizes Ms. Nguyen's case, now disposed, as frivolous. It points out that she failed to present a prima *facie case* of either of her Title VII claims at the summary judgment stage. In response, Ms. Nguyen rehearses the evidence that she presented in support of her summary judgment motion. While disclaiming an intention to reargue the summary judgment motion, she nevertheless reasserts that her proffered evidence established a prima *facie case* of discrimination and retaliation. Though Ms. Nguyen did not file a motion to reconsider my July 25, 2005 order, I briefly address the novel issues she raises for the sake of clarity.

Ms. Nguyen misunderstands *MacDonald v. Eastern Wyoming Mental Health Center*, 941 F.2d 1115 (10th Cir. 1991), which stands for the proposition not that evidence of satisfactory job performance alone establishes all the prongs of the plaintiff's *prima facie* case but rather that a defendant's stated reasons for the discharge must be evaluated at the pretext stage of the *McDonnell Douglas* analysis and not in determining the existence of a *prima facie* case. Ms. Nguyen might have proven the second element of her *prima facie* case with some evidence that she was performing satisfactorily and otherwise qualified for the position. *Id*. at 1121. Though Gambro did not dispute the quality of Ms. Nguyen's work product, the undisputed evidence demonstrated that Ms. Nguyen's workplace conduct interfered with at least one working relationship. That conclusion is not a conflation of the *prima facie* and pretext analyses; Gambro's proffered justification – Ms. Nguyen's breach of confidentiality – is factually distinct from, and does not bear upon, Ms. Nguyen's deleterious behavior.

Ms. Nguyen also engages in an inaccurate recitation of the record, reasserting that a factual issue existed for trial. She points to her deposition testimony that she subjectively believed her discharge to have resulted from her use of the Vietnamese language and omits her own uncontradicted admission that Michelle Gonzales, a Gambro supervisor, told her that she was fired for breaching confidentiality. In addition, Ms. Nguyen stated in deposition that she does not believe that she was fired because of her sex, race, or national origin.

Further response to Ms. Nguyen's arguments is unnecessary. For the reasons stated in my July 25, 2005 order, summary judgment was appropriate in this case. Furthermore, for the reasons stated below, I deny the motion for attorney fees.

A defendant prevailing in a Title VII case may not be awarded attorney fees unless it

appears that the plaintiff's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978). As the Supreme Court has counseled,

> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation.

*Id*. at 421-422. Under the *Christiansburg* standard, the plaintiff's claim must be meritless in the sense that it is groundless or without foundation. *Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1058 (10th Cir. 2004), *cert. denied*, – U.S. –, 125 S. Ct. 2964 (2005). The standard is difficult to meet, "to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Id*. at 1059.

Though Ms. Nguyen was unsuccessful, her claim was not so groundless as to justify an award of attorney fees. Her confusion, which persists in her briefs on this motion, between her speaking in Vietnamese and the events that followed, which resulted in her termination, pervaded much of the litigation. The parties expended considerable discovery resources discerning the elements and application of Gambro's English-language policy. Ms. Nguyen's alleged violation of that policy contributed to the strife with her co-worker and led to the meeting in which she swore to maintain the confidentiality that she later breached. Though the language issue was not ultimately relevant to the disposition of this case, Ms. Nguyen's subjective belief that her

3

termination was related to her use of the Vietnamese language was not so unreasonable as to warrant an award of fees.

Accordingly, it is ORDERED that

1) the defendants' motion for an award of attorney fees is DENIED; and

2) Gambro's requests for attorney fees and expert witness fees are denied.

Dated: September  20 , 2005, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge